## No. 2138
### Second Circuit Appeal

### JOSEPH L. GARNER v. GERMAIN & BOYD LUMBER COMPANY

(June 23, 1925, Opinion and Decree)

*(Syllabus by the Editor.)*

1. **Louisiana Digest—Surveyor and Surveys 1, 3, 4, 24.**

Where the result of a survey made by a surveyor appointed by the court clearly shows that the surveyor took every precaution in locating the corners, established the line in question, and the result arrived at is the same as the conclusion reached by the parish surveyor, it will be considered correct by the court.

Appeal from the Fifth Judicial District Court of Louisiana, Parish of Winnfield, Hon. J. E. Reynolds, Judge.

This is a suit for $1900.00, the value of timber alleged to have been cut from defendant's land. There was judgment for defendant and plaintiff appealed.

Judgment affirmed.

Peters and Lyons, of Winnfield, attorneys for plaintiff, appellant.

Pearce and Fuller, of Winnfield, attorneys for defendant, appellee.

ODOM, J. This is a suit for $1900, the value of timber alleged to have been cut and removed from plaintiff's land by defendant.

Plaintiff alleged that he is the owner of east half of southeast quarter of Section 7 and the southwest quarter of Section 8, in Township 9 North Range 5 West, less the east half of the southwest quarter of the southwest quarter and the east half of and the north half of southwest quarter of northwest quarter of southwest quarter of Section 8, in said township and range; and that about September 1, 1919, defendant trespassed upon said land and cut and removed therefrom 169,000 feet of merchantable pine timber which was worth $1900.

In answer to a motion for a bill of particulars plaintiff set out that the particular land from which the timber was removed was described as:

"A strip of land in the northeast corner of the northeast quarter of the southeast quarter, Section 7, Township 9, Range 5 West, measuring two chains east and west by twelve chains north and south, and that said defendant company cut and removed from said described tract forty-five merchantable pine trees, standing and growing thereon; that said defendant company also cut and removed one hundred and ten merchantable pine trees, standing, growing and being on the northwest quarter of the northwest quarter of the southwest quarter, Section 8, Township 9 North, Range 5 West; and that said defendant cut and removed two hundred and fifty merchantable pine trees, standing, growing and being on the east half of northwest quarter of southwest quarter, Section 8, Township 9 North, Range 5 West."

Defendant answered and denied that it cut or removed any timber from Section 7, but admitted it took the timber on Section 8, alleging, however, that it owned

the land in Section 8 and therefore had a right to cut the timber.

The trial of the case in the District Court resulted in a judgment for defendant, rejecting plaintiff's demand, from which he appealed.

Appellant has made no appearance in this court, through oral argument or brief.

## OPINION

It appears that there developed a dispute or controversy over the line between Sections 7 and 8, and in order to determine the correct line the court on March 23, 1921, appointed N. C. Woody to establish the line in dispute.

Woody declined the appointment, and on September 29, 1921, the court appointed G. W. McKnight, a civil engineer, to establish said line.

McKnight refused to accept, and on October 20, 1921, the court appointed Bob Lovett for that purpose.

Lovett also declined, and on January 17, 1922, the court appointed R. M. Crowson, a civil engineer, to establish the line. He accepted the appointment, made the survey and filed his proces verbal thereof which was offered in evidence and is part of the record in this case.

The cause went to trial and on the minutes of the court we find the following entry:

"Plaintiff abandons his claim for any timber cut and removed covered by this law suit situated in Section 8, Township 9, Range 5."

Mr. J. N. J. Peters, Jr., attorney, represented plaintiff in the trial and dictated the above entry.

Following this minute entry there is an admission by defendant that plaintiff is the owner of the land and timber described as northeast quarter of southeast quarter of Section 7, Township 9, Range 5 West.

On the trial of the case there was no testimony adduced with reference to any timber, except that which was alleged to have been removed from Section 7.

On September 25, 1923, plaintiff, through another attorney, Mr. Bethard, filed a motion setting up that the above mentioned entry, showing that he had abandoned his claim to the timber on Section 8, was entered through error and without his sanction, and asked that it be set aside.

There was testimony taken on the trial of the motion to correct the minutes, and while we find no ruling by the court it must have been overruled. The testimony, however, establishes to our satisfaction that the minute entry was correct, and that it was dictated by Mr. Peters, attorney for the plaintiff, in open court, while plaintiff was present, and that the attorney had full authority to make the minute entry.

Plaintiff formerly owned land in both Sections 7 and 8, but on December 8, 1902, he sold, by notarial act, to Maurice Quinn land in the western part of Section 8, the deed describing all of that part of the west half of the southwest quarter of Section 8, Township 9 North, Range 5 West, containing timber.

Plaintiff's vendee sold the same land to the defendant company and it cut and removed the timber therefrom in 1919. This fact accounts, no doubt, for plaintiff's action in abandoning his claim for any timber cut or removed from Section 8.

Defendant cut timber up to the line between Section 7 and 8, and plaintiff contends that defendant cut over the line and cut his timber in Section 7.

Mr. Smith, a surveyor, ran the line between these sections and, according to his survey, defendant cut and removed forty-five trees, or 17,936 feet of timber, on Section 7.

But according to an old survey made by a Mr. Melton, the parish surveyor, defendant did not cut any timber on Section 7.

This is proved by a number of witnesses.

The correct line between Sections 7 and 8, therefore, became an issue. If Smith's line is correct, defendant cut timber on plaintiff's land; if the old line is correct, defendant cut timber only on Section 8, on land which it owned.

The court, as stated, appointed Mr. Crowson, a surveyor, to establish the line. He seems to have proceeded according to law to make the survey, and according to his survey the old line established by Melton, the one recognized by defendant, ·is correct.

Mr. Crowson seems to have taken every precaution in locating the corners and establishing the line, and we think his survey is correct.

As against Smith's survey we therefore have that of Melton, parish surveyor, and Crowson, appointed by the court.

The lower court found that plaintiff had failed to make out his case and rejected· his demand. We think that judgment is correct and it is affirmed with costs.

REYNOLDS, J., being recused, takes no part.